# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**BRANDON JAMES LONG,**

    **Plaintiff,**

    v.                                   CASE NO. 18-3189-SAC

**SONYA LATZKE, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. (Doc. 3.) The events giving rise to Plaintiff's Complaint occurred during his incarceration at the Lansing Correctional Facility in Lansing, Kansas ("LCF").

Plaintiff alleges that he suffers from multiple orthopedic issues, including: prior knee surgeries resulting in pins in both knees; a broken right ankle that healed improperly; an injured right achilles tendon; a congenital right leg deformity; hallux valgus foot deformity; pes planus; and painful plantar warts on the balls of each foot. Plaintiff alleges that on July 12, 2017, he was moved from a living unit where he was housed on a bottom bunk and bottom floor, to a top bunk in another unit below the main level. On July 13, 2017, Plaintiff informed his treating physician that he had been moved to a top bunk and was required to use the stairs. Plaintiff's treating physician responded "nope, you can't do that, not with your legs and feet, you could fall and really hurt yourself either on those steps or climbing in and out of that bunk especially with the condition you're in now." (Doc. 5, at 7.) The treating physician put bottom bunk only and stair restrictions in Plaintiff's treatment plan. When Plaintiff returned to his unit, his unit counselor told him he needed to talk to Defendant Latzke first thing in the morning because Plaintiff could

not stay in that unit with his medical restrictions, and Latzke's "gotta move [Plaintiff] immediately." Plaintiff met with Latzke the next morning, Friday July 14, and she acknowledged the medical restrictions and said she would see what she could do. That day, Plaintiff was scheduled for a bottom bunk, but was scheduled to be on a unit on the second floor. Over the weekend, Plaintiff spoke to several staff members about his concerns regarding his upcoming move to the second floor.

On Monday morning, during Plaintiff's scheduled move, he explained to Lt. Coleton that he could not do stairs and asked him to call the clinic to verify his stair restriction. Coleton responded that it was up to the unit team manager to determine the move. As Plaintiff was moving and going down the stairs to retrieve more of his property from the cart, he fell down approximately nine or ten concrete stairs, slamming into a concrete wall resulting in serious injuries and the aggravation/exacerbation of pre-existing injuries. Paramedics were called and Plaintiff was taken to the Emergency Room.

Plaintiff returned to LCF and was sent to the maximum infirmary when he failed several concussion tests. During his infirmary stay, Defendant Williamson directed staff to remove Plaintiff's wheelchair and walker. Plaintiff had to walk about a quarter of a mile from the clinic to Admissions and Discharge without the aid of a wheelchair or walker. Upon Plaintiff's return to the minimum facility, his treating physician re-issued him a walker. A few days later, Defendant Gardner stated that she knew Plaintiff's treating physician had issued him a walker, but stated she needed "the paper for the walker." When Plaintiff did not know where "the paper" was located, Gardner instructed staff to take the walker from Plaintiff. The next day, Plaintiff's treating physician re-issued a walker for Plaintiff, and staff told Plaintiff the order for the walker was noted in the computer when Gardner instructed staff to take it away from Plaintiff.

Plaintiff alleges in Counts I through IV, deliberate indifference to serious medical needs in violation of the Eighth Amendment, and a failure to protect in violation of the Eighth Amendment. Plaintiff also alleges a violation of HIPAA laws as Count V. Plaintiff names as defendants: Sonya Latke, UTM at LCF; (fnu) Coleton, Shift Lieutenant at LCF; Corizon Nurses Annette Williamson, Laura Gardner, and Michelle Layton; John/Jane Doe prison official; and John/Jane Doe Corizon Medical Staff. Plaintiff seeks compensatory damages, punitive damages, and injunctive relief.[1]

Plaintiff's allegations in Count V suggest a HIPAA violation due to Defendant Michelle Layton's discussion of Plaintiff's private medical information with non-medical personnel. The Court notes that Page 11C appears to be missing from Plaintiff's Complaint and therefore the supporting facts for Count V are incomplete.[2] To the extent Plaintiff claims that Layton violated the Health Insurance Portability and Accountability Act ("HIPAA"), such a claim is not cognizable under 42 U.S.C. § 1983. *See Keltner v. Bartz*, No. 13-3022-SAC, 2013 WL 761157, at *4 (D. Kan. Feb. 27, 2013) (stating that "all courts to consider the matter have held that HIPAA does not create a private right of action") (citations omitted).

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of LCF. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials of LCF to prepare and file a *Martinez* Report. Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915.

**IT IS THEREFORE ORDERED BY THE COURT** that**:**

---

[1] It appears as though Plaintiff has been released from LCF, rendering his request for injunctive relief moot.
[2] The Court also notes that the exhibits to Plaintiff's Complaint (Doc. 5–2) appear to relate to other inmates and have no relevance to Plaintiff's case. The Court has placed these exhibits under seal.

(1) The Clerk of Court shall serve Defendants Latzke and Coleton under the e-service pilot program in effect with the Kansas Department of Corrections ("KDOC"). The Clerk shall send waiver of service forms to Defendants Williamson, Gardner and Layton.

(2) Upon the electronic filing of the Waiver of Service Executed pursuant to the e-service program, KDOC shall have **sixty (60) days** to prepare the *Martinez* Report. Upon the filing of that report, the AG/Defendants shall have an additional **sixty (60) days** to answer or otherwise respond to the Complaint.

(3) Officials responsible for the operation of LCF are directed to undertake a review of the subject matter of the Complaint:

a. To ascertain the facts and circumstances;

b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

(4) Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. The KDOC must seek leave of the Court if it wishes to file certain exhibits or portions of the report under seal or without service on Plaintiff. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(5) Authorization is granted to the officials of LCF to interview all witnesses having knowledge of the facts, including Plaintiff.

(6) No answer or motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(7) Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendant's answer or response to the Complaint and the report ordered herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter KDOC as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, KDOC may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, to Defendant, and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

**Dated in Topeka, Kansas, on this 24th day of May, 2019.**

>	s/ Sam A. Crow
>	**SAM A. CROW**
>	**U. S. Senior District Judge**