IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRANDON JAMES LONG,

     Plaintiff,

     v.                          CASE NO.  18-3189-SAC

SONYA LATZKE, et al.,

     Defendants.

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  The Court granted Plaintiff leave to proceed in forma pauperis.  (Doc. 3.)  The events giving rise to Plaintiff's Complaint occurred during his incarceration at the Lansing Correctional Facility in Lansing, Kansas ("LCF").  This matter is before the Court on Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 39).

Plaintiff filed his Complaint (Doc. 5) on August 21, 2018.  The Court entered a Memorandum and Order (Doc. 7) ordering service on Defendants and directing KDOC officials to file a *Martinez* Report.  The waivers of service were returned executed on Defendants on June 20, 2019 and June 24, 2019.  (Docs. 9, 11, 12 and 13.)  After multiple extensions were granted, the KDOC filed the *Martinez* Report (Doc. 24) on April 9, 2020.  On May 8, 2020, Defendants Gardner, Layton and Williamson filed their Answer (Doc. 26).  On July 10, 2020, Defendants Coleton and Latzke filed a Motion to Dismiss, or in the Alternative, for Summary Judgment (Doc. 32).

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend its pleading once as a matter of course within:  "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after

service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A) and (B). Plaintiff filed his Motion for Leave to File an Amended Complaint on September 2, 2020. Therefore, Plaintiff is not entitled to file an amended complaint as a matter of course under Fed. R. Civ. P. 15(a)(1).

Rule 15 provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiff seeks to amend his complaint to add a claim against Defendant Michelle Layton for "intentional and purposeful destruction of medical records/files." (Doc. 39, at 2.) Plaintiff alleges that the claim was inadvertently left out of his complaint and references the Court's previous statement that page 11C appeared to be missing from his complaint. However, the Court made this statement in its May 24, 2019 Memorandum and Order. (Doc. 7, at 3.) Plaintiff fails to explain why he waited until September 2, 2020, to file a motion to amend.

Plaintiff's motion to amend fails to attach a proposed amended complaint as required by the Court's Local Rules. *See* D. Kan. Rule 15.1(a)(2). The Court also finds that amendment would be futile because Plaintiff's proposed cause of action against Defendant Layton fails to state a claim. Plaintiff alleges that Layton purposefully destroyed a piece of medical paperwork and Plaintiff has located a copy of the paper that was destroyed as evidence that it did exist at one time. Plaintiff alleges that shredding a record from an inmate's file violates the Eighth Amendment's prohibition against cruel and unusual punishment. Plaintiff's supporting facts allege that although he was issued a walker, he had paperwork previously authorizing him to have a wooden cane and a black adjustable cane. Plaintiff was informed that staff had been instructed to remove the cane from Plaintiff's possession. Plaintiff went to the clinic with his

paperwork and Layton asked to see the paperwork authorizing the cane.  Plaintiff alleges that Layton "snatched the paper from [Plaintiff] then told [him] to give her the cane before she headed back to the nurse's station area."  (Doc. 39, at 9.)  When Plaintiff asked Layton for the paperwork back, she indicated she had destroyed the paper and it was gone.  *Id*.

The Eighth Amendment's prohibition of cruel and unusual punishment imposes a duty on prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from serious bodily harm. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994).  "However, this minimum standard does not impose constitutional liability on prison officials for every injury suffered by an inmate."  *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008).  "First, the alleged injury or deprivation must be sufficiently serious."  *Id*.  "The official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'"  *Id*. (citing *Farmer,* 511 U.S. at 834).

Second, the prison official must have a sufficiently culpable state of mind—deliberate indifference.  *Id*.  "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety."  *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005) (quoting *Sealock*, 218 F.3d at 1209).  In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 1305 (quoting *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996)).

Plaintiff has not alleged a denial of the minimal civilized measure of life's necessities, nor has he alleged that Layton was deliberately indifferent.  He does not allege that she removed a paper from his medical file, rather he alleges that she did not return a paper that Plaintiff had in his possession.  Plaintiff alleges that he has obtained a copy of the paper allegedly destroyed by

Layton.  Plaintiff's allegations are insufficient to state an Eighth Amendment claim for cruel and unusual punishment and amendment to add the claim would be futile.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 39) is **denied.**

**IT IS SO ORDERED.**

**Dated October 27, 2020, in Topeka, Kansas.**

**s/ Sam A. Crow**
**SAM A. CROW**
**U. S. Senior District Judge**