IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BRANDON JAMES LONG,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 18-3189-HLT-GEB |
| ) | |
| **ANNETTE WILLIAMSON,** ) | |
| **LAURA GARDNER, and** ) | |
| **MICHELLE LAYTON,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

This matter is before the Court on Plaintiff's Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Obtain Counsel ("Motion for Counsel") **(ECF No. 52)**. After careful consideration of the parties' briefing, including the Motion for Counsel and Response of Defendants Annette Williamson, APRN, Laura (Gardner) Barkley, RN and Michelle Layton, RN's to Plaintiff's Motion for Appointment of Counsel (ECF No. 54), Plaintiff's motion **(ECF No. 52)** is **DENIED without prejudice**, for the reasons set forth below.

### I.   Background

Plaintiff Brandon James Long was incarcerated at Lansing Correctional Facility ("LCF"). He filed this case largely claiming: 1) he suffers from orthopedic issues and had a stair restriction; 2) he was moved to a housing unit where he had to use the stairs to reach

1

his room; 3) he fell and was injured on the stairs; 4) facility personnel removed the wheelchair, walker, and cane which had been prescribed for his use; 5) facility personnel did not provide pain medications which had been prescribed for him; and 6) facility personnel destroyed paperwork authorizing his use of medical equipment all in violation of his Eighth Amendment Rights and with deliberate indifference to his medical needs and safety.[1] Plaintiff proceeds *in forma pauperis*, having been granted the ability to proceed without full payment of the filing fee after filing this case.[2] Plaintiff was released from LCF after he filed this action.[3]

The lawsuit makes claims against five Defendants: Sonya Latzke, Unit Team Manager – LCF; John Coleton, Shift Lieutenant – LCF; Annette Williamson, ARNP; Laura Garner, RN; and Michelle Layton, RN, all in their official and individual capacities. The claims against the Kansas Department of Corrections Defendants Latzke and Coleton, in their official capacities, have been dismissed without prejudice, and the Court entered summary judgment in favor of Long and Latzke on Plaintiff's claims against them in their individual capacities.[4] Only the nurse Defendants remain in the case.[5]

---

[1] ECF No. 1.
[2] ECF No. 4.
[3] ECF No. 47 at 2.
[4] ECF No. 47.
[5] *Id.*

## II.     Motion for Counsel (ECF No. 52)

### A.     Legal Standards

Parties who proceed *in forma pauperis* are subject to 28 U.S.C. § 1915(e)(1), which provides discretionary authority for a court to "request an attorney to represent any person unable to afford counsel."[6] A court has broad discretion to determine whether to appoint counsel.[7] But there is no constitutional right to counsel in a civil action.[8] The party seeking appointment of counsel has the burden "to convince the court" the asserted claims have sufficient merit to warrant a court requesting an attorney to represent the movant.[9]

The Tenth Circuit has recognized four factors for a court to consider when deciding whether to appoint counsel for a party in a civil case: (1) the merits of the claim; (2) the nature of the factual issues raised in the claims; (3) the ability to present the claims; and (4) the complexity of the issues raised by the claims.[10]

### B.     Analysis

After careful consideration, this Court declines to appoint counsel to represent Plaintiff at this time.

Plaintiff's motion to proceed *in forma pauperis* was granted.[11] Although Plaintiff is no longer incarcerated and has gainful employment, after a review of the Plaintiff's

---

[6] 28 U.S.C. § 1915(e)(1); *Jackson v. Park Place Condominiums Ass'n, Inc.*, No. 13-2626-CM, 2014 WL 494789, at *1 (D. Kan. Feb. 6, 2014).
[7] *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).
[8] *Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006).
[9] *Jackson* at *1 (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (2004)).
[10] *Sandle* at 582 (citing *Rucks v. Boergermann,* 57 F.3d 978, 979 (10th Cir.1995).
[11] ECF No. 4.

financial information included in his Motion for Counsel, the Court finds Plaintiff is unable to afford to hire counsel as required by 28 U.S.C. § 1915(e)(1). Additionally, Plaintiff or his family on his behalf contacted numerous attorneys, firms, and legal organizations but were unable to obtain counsel to represent him.

However, the other factors weigh against appointing counsel at this time. Although Plaintiff's complaint survived screening, it is still unclear at this time whether Plaintiff has asserted a colorable claim against the remaining nurse Defendants.

Plaintiff contends "the nature and complexity of a deliberate indifference case is very precise, it is very specific with many layers, that if at any time all elements are not fulfilled, the case can fall apart." However, the Tenth Circuit has frequently upheld the denial of motions to appoint counsel in deliberate indifference cases.[12] Therefore, the fact that Plaintiff brings a deliberate indifference case does not convince the Court that the nature and complexity of the issues requires the appointment of counsel. The factual issues in this case are relatively straightforward and relate to Plaintiff's medical condition, treatment, and his interactions with the nurse Defendants, with which he should be intimately familiar.

Plaintiff claims he has "no formal education, training or experience in filing and engaging in a lawsuit." Undoubtedly, Plaintiff would have an easier time pursuing this

---

[12] See *Murphy v. Hylton*, 281 F. App'x 818, 821 (10th Cir. 2008); *Conley v. Pryor*, 627 F. App'x 697, 700 (10th Cir. 2015); *Thomas v. Brockbank*, 195 F. App'x 804, 807 (10th Cir. 2006); *Tidwell v. Burnham*, 198 F.3d 259 (10th Cir. 1999); and *Abu-Fakher v. Bode*, 175 F. App'x 179, 185 (10th Cir. 2006).

action if an attorney represented him. But this is true of nearly every pro se litigant.[13] Plaintiff has clearly demonstrated through the pleadings he has filed in this case to date that he is capable of presenting his case without the aid of counsel. After careful consideration of the pleadings and the relevant factors, the Court finds that Plaintiff has the capacity to present his case without counsel at this time.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Obtain Counsel **(ECF No. 52)** is **DENIED without prejudice**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 28th day of September 2021.

 s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[13] See *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).